## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 14 2016, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gary L. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Madejek,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 14, 2016<br><br>Court of Appeals Case No.<br>71A03-1602-CR-405<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Elizabeth C.<br>Hurley, Judge<br><br>Trial Court Cause No.<br>71D08-1510-F6-764 |

**Najam, Judge.**

# Statement of the Case

Mark Madejek appeals his sentence after he pleaded guilty, without a plea agreement, to leaving the scene of an accident, as a Level 5 felony, and operating a motor vehicle with a suspended license, as a Class A misdemeanor. Madejek raises the following two issues for our review:

> 1. Whether the trial court abused its discretion when it sentenced him.
>
> 2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

On October 17, 2015, Madejek operated a green Jeep Cherokee and struck a pedestrian, Stephen Stetz. Upon striking Stetz, Madejek exited the vehicle and saw that "he hit a man." Appellant's App. Vol. II at 11. Madejek, who knew his license had been suspended, then "panicked and drove off." *Id.* A passenger in Madejek's vehicle, Drew Rosander, later called police and explained what had happened. When police located Madejek, they observed front-end damage to his vehicle consistent with striking a pedestrian. Madejek then voluntarily informed the officers about the accident and admitted that he had fled the scene. Madejek also stated that "Stetz had walked in front of his car" and that "it was his fault." *Id.* Stetz later died from his injuries.

[4] Thereafter, the State charged Madejek with multiple offenses. At an ensuing hearing, Madejek pleaded guilty to the State's charges without the benefit of a plea agreement. The court then held a sentencing hearing, following which the court identified the following aggravating and mitigating circumstances:

> Clearly in aggravation, Mr. Madejek, we look at your criminal history. You have the ten prior convictions, three of which were felonies. You have repeated driving while suspended offenses, numerous infractions. You were on felony probation at the time of this offense. You have been given probation in the past and had that revoked. So your criminal history is an aggravator.

> I . . . include in that your driving history when I think about that. While all your driving infractions may not be reflected individually in your criminal history, the fact that you continue to drive knowing that your license is suspended, having been in accidents prior to this, all of that is a factor in aggravation.

> I do consider in mitigation the fact you entered into this plea without the benefit of an agreement. And I consider the fact that you have expressed remorse. What I also look at though in aggravation are the facts and circumstances of the events of that night that led to these charges.

> When I'm looking at the leaving the scene of an accident charge which I'm entering judgment as the level 5 felony, I look at the fact, Mr. Madejek, that you hit this person, got out of your car, looked at him as he was lying there in the street, asked someone else to take the blame for your actions, and when that person wouldn't [take the blame you] got in your car and drove away. Who knows could have been different had you not done that.

[Your attorney] does talks about the maximum sentences being reserved for the worst of the worst offenders. And your criminal history isn't the only thing I can look at in making that decision. I can also look at your character, and I think the events of that night speak volumes about your character. Had you just done what you were supposed to do and stayed off the road this would not have happened. We wouldn't even be here. Had you complied with the law at all we wouldn't be here. But you continue to disregard the law and believe apparently as I can tell from your history and your driving record the law simply does not apply to you.

And that reveals your character because those actions that you took that night are the actions of a very selfish individual, a person who believes he is above the law. A person that would stop his car and leave a man lying, broken in the street[,] and take off to save your own skin. To me the facts and circumstances of that night tell me what I need to know about your character in making my decision.

As we've all agreed, I think, and all acknowledge there is nothing I can do here that is going to alleviate any of the pain you have caused, the numerous people that have been affected by Mr. Stetz's death. You've taken a member of our community. Our entire community has lost his contribution. You have taken a son and a brother and a coworker, a nephew and a friend and you have left countless people devastated by your actions truly because of your selfishness. And your inability . . . to follow the law, your choice not to follow the law that you have made repeatedly.

And I find that in this case the maximum sentence . . . is appropriate, and it reflects what I believe to be the worst of the worst character that I see in you. And I find that the aggravating factors that we discussed outweigh any factors in mitigation that I have considered.

Sent. Tr. at 30-33. Accordingly, the court entered judgment of conviction against Madejek for leaving the scene of an accident, as a Level 5 felony, and operating a motor vehicle with a suspended license, as a Class A misdemeanor, and the court ordered Madejek to serve an aggregate term of seven years in the Department of Correction. This appeal ensued.

## Discussion and Decision

### *Issue One: Abuse of Discretion*

[5] Madejek contends that the trial court abused its discretion when it sentenced him. Generally, sentencing decisions are left to the sound discretion of the trial court, and we review its decision only for an abuse of that discretion. *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court." *Id.* A trial court may abuse its discretion by entering a sentencing statement that explains reasons for imposing the sentence that are not supported by the record or that omits reasons that are clearly supported by the record. *Id.*

[6] Madejek first asserts that the trial court considered as an aggravator facts not in the record. In particular, Madejek takes issue with the trial court's statement that Madejek "asked someone else to take the blame for [his] actions, and when that person wouldn't" Madejek drove off instead. Sent. Tr. at 31. This

statement plainly refers to Rosander,[1] and, as such, the State concedes that this "fact is not in the record." Appellee's Br. at 12. Accordingly, we must conclude that the trial court abused its discretion when relied on facts not in the record. *See Singh*, 40 N.E.3d at 987.

[7] Madejek also maintains that the trial court abused its discretion "by considering the elements of the offense as aggravating factors," namely, that "he hit a person, got out of his car[,] and then drove away," and then "speculat[ing]" as to what might have happened had Madejek not driven. Appellant's Br. at 7-8. But we agree with the State that the trial court's statements here do not demonstrate a reliance on the elements of the offense or improper speculation but, rather, on the particularized facts of the crime and recognition that Madejek has a history of disregarding the law. *E.g.*, *Gomilla v. State*, 13 N.E.3d 846, 853 (Ind. 2014).

[8] Madejek next asserts that the trial court abused its discretion "by sentencing [him] based on sympathy," especially with respect to the court's statements that "Madejek took the life of a person from the community and that the trial court cannot alleviate the pain of the family." Appellant's Br. at 8-9. We conclude that this argument is not supported by cogent reasoning or citation to relevant

---

[1] As the statement cannot reasonably be attributed to Madejek's comments about Stetz stepping in front of Madejek's vehicle, we do not consider the State's assertion that we make that attribution. We also do not consider the State's argument that Madejek waived this issue for our review when he did not object. The trial court's statement was made in the pronouncement of Madejek's sentence, not during the parties' arguments before the court.

authority.[2]  As such, we do not consider it.  *See* Ind. Appellate Rule 46(A)(8)(a). In any event, a trial court may consider the impact of a crime on the community as part of the nature and circumstances of the crime.

[9]     Finally, Madejek asserts that the trial court failed to properly consider his guilty plea and remorse as significant mitigating factors.  We cannot say that Madejek has demonstrated an abuse of discretion with respect to those factors, however. Contrary to Madejek's argument on appeal, the trial court did expressly find his guilty plea and remorse to be entitled to mitigating weight.  The court simply found them outweighed by the aggravating factors.  As such, Madejek's argument with respect to these factors is, in effect, an argument for the trial court did not assign them proper weight, which we will not consider.  *See Anglemyer v. State*, 868 N.E.2d 482, 491, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[10]    In sum, we agree with Madejek that the trial court erred in a single respect when it relied, in part, on facts not within the record during sentencing. However, we reject Madejek's other arguments regarding whether the trial court abused its discretion during sentencing.  Where, as here, "the trial court is found to have abused its discretion" in sentencing a defendant, "the error is

---

[2] Our supreme court has "disapprove[d] of consideration of a community's *outrage* in the determination or review of a criminal sentence." *Escobedo v. State*, 989 N.E.2d 1248, 1248 (Ind. 2013) (emphasis added). However, we do not read the trial court's statements here to be tantamount to reliance on community outrage.  And we note that Indiana Code Section 35-40-5-5 expressly gives victims "the right to be heard at any proceeding involving sentencing."

harmless if the sentence imposed was not inappropriate." *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007)), *trans. denied.* Accordingly, we turn to Madejek's argument under Indiana Appellate Rule 7(B).

### Issue Two: Inappropriateness of Sentence

[11] Madejek asserts that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). The principal role of appellate review is to "leaven the outliers." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review. *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

[12] Madejek maintains that his sentence is inappropriate because he received the maximum sentence possible, seven years executed, but he is not the among "the worst offenders." Appellant's Br. at 10. Our supreme court has explained that, while "the maximum possible sentences are generally most appropriate for the worst offenders," this is not "a guideline to determine whether a worse offender

could be imagined" as "it will always be possible to identify or hypothesize a significantly more despicable scenario." *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002) (citations and quotation marks omitted). Thus, in reviewing a maximum sentence, "[w]e concentrate less on comparing the facts of this case to others . . . and more on focusing on the nature, extent, and depravity of the offense . . . and what it reveals about the defendant's character." *Wells v. State*, 904 N.E.2d 265, 274 (Ind. Ct. App. 2009), *trans. denied*.

[13] Regarding the nature of the offenses here, Madejek, while driving with a suspended license, hit a pedestrian. He knew he had immediately struck something, and he stopped his vehicle and exited to see what it was. Upon exiting, he observed that he had struck Stetz. Yet, despite having stopped his vehicle, exited, and observed his victim, Madejek did not contact emergency personnel. Rather, he got back inside his car, fled the scene, and left Stetz without assistance. Madejek's acknowledgement, observation, and disregard of his victim reflects the particularly egregious nature of his offenses.

[14] And, regarding Madejek's character, while he promptly admitted to law enforcement the facts underlying his convictions and he pleaded guilty without the benefit of a plea agreement, nonetheless he also has an extensive criminal history. Madejek, now thirty-eight years old, has been involved with the criminal justice system since age seventeen. He has three prior felony convictions, seven prior misdemeanor convictions, and three prior probation violations. Four of his seven misdemeanor convictions are driving-related offenses. And he was on probation at the time of the instant offenses.

Madejek's continued disregard for the law, especially as it relates to the operation of motor vehicles, reflects his poor character.

[15] We cannot say that Madejek's sentence is inappropriate in light of the nature of the offenses or his character. Accordingly, we likewise conclude that the trial court's limited error during sentencing was harmless, and more than sufficient other evidence supports the sentence imposed by the court. Thus, we affirm Madejek's sentence.

[16] Affirmed.

Vaidik, C.J., and Baker, J., concur.