## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 29 2017, 10:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Candace S. McGee,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 29, 2017

Court of Appeals Case No.
02A03-1705-CR-1101

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D06-1606-F5-165

**Crone, Judge.**

## Case Summary

Candace S. McGee appeals the four-year sentence imposed by the trial court following her guilty plea to level 5 felony battery. She contends that the trial court abused its discretion during sentencing and that her sentence is inappropriate in light of the nature of the offense and her character. Finding no abuse of discretion, and that McGee has not met her burden to demonstrate that her sentence is inappropriate, we affirm.

## Facts and Procedural History

On April 16, 2016, Marquel Marsh was in his residence when someone began "banging" on his front door. Appellant's App. Vol. 2 at 13. When Marsh opened the door, he saw his ex-girlfriend, McGee, walking away toward her vehicle. She then entered her vehicle, pulled up to Marsh's residence, pointed a gun out the passenger window, and fired at Marsh. As Marsh attempted to retreat into the residence, a bullet hit his front glass door, causing the glass to shatter. Some of the shattered glass hit Marsh, causing a laceration to his right arm. After shooting at Marsh, McGee sped away. Marsh went to the hospital for his injuries.

The State charged McGee with level 5 battery by means of a deadly weapon, level 5 felony criminal recklessness, and level 6 felony pointing a firearm. McGee pled guilty to all three counts; however, the trial court subsequently dismissed the criminal recklessness and pointing a firearm counts and entered judgment of conviction only on the battery count. Following a hearing, the trial

court sentenced McGee to a four-year term, with three years executed and one year suspended to probation. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion during sentencing.

[4] McGee first argues that the trial court abused its discretion in finding aggravating and mitigating circumstances. Sentencing decisions rest within the sound discretion of the trial court and, so long as the sentence imposed is within the statutory range, we review it only for an abuse of discretion. *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including failing to enter a sentencing statement; entering a sentencing statement that includes aggravating and mitigating factors if any, but the record does not support the reasons; the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id.* at 490-91.

[5] McGee argues that the trial court improperly considered an element of her offense, use of a deadly weapon, as an aggravating factor. In *Gomillia v. State*, 13 N.E.3d 846 (Ind. 2014), our supreme court explained that "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence

includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is improper as a matter of law." *Id.* at 852-53 (citations and quotation marks omitted). Thus, if the trial court relies upon an aggravating factor that is also a material element of the offense, then the trial court abuses its discretion; but if there is something unique about the circumstances of the crime, then there is no abuse of discretion in relying upon these circumstances as an aggravating factor. *See id.* at 853 ("Generally, the nature and circumstances of a crime is a proper aggravating circumstance.").

[6] Our review of the trial court's sentencing statement reveals that the trial court did not simply rely on McGee's use of a deadly weapon in committing her crime; rather, the court relied on the manner in which she carried out her crime as an aggravating circumstance. Specifically, the trial court noted that a lesser sentence would "diminish the seriousness of this offense" because "you can't just walk up and shoot somebody because sometime in the past he hurt you." Sent. Tr. at 11. Moreover, while the trial court referenced McGee's use of a firearm in committing her crime as particularly troubling, battery with a deadly weapon need not involve a firearm but simply any material that is readily capable of causing serious bodily injury. *See* Ind. Code § 35-31.5-2-86(a)(1)(2). Accordingly, the circumstances of McGee's crime were unique and the court did not abuse its discretion in relying upon these circumstances as an aggravating factor.

[7] The trial court found McGee's guilty plea and remorse as mitigating factors. McGee argues that the trial court abused its discretion in failing to find her employment, level of education, difficult childhood, and prior abuse allegedly suffered at the hands of Marsh as mitigating circumstances. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemeyer*, 868 N.E.2d at 493.

[8] Contrary to McGee's assertion, the trial court was not obligated to consider her "ability to maintain gainful employment" as a mitigating factor. Appellant's Br. at 19. Indeed, many people are gainfully employed such that a trial court is not required to note employment as a mitigating factor. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied* (2004). As for her level of education, there is nothing in the record to indicate that McGee advanced this factor as mitigating during sentencing. If a defendant does not advance a factor to be mitigating at sentencing, we will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal. *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000).

[9] As for her troubled childhood and the alleged abuse suffered at the hands of Marsh, the evidence in the record is conflicting and somewhat inconsistent regarding both proffered circumstances. Thus, we cannot say that the evidence was both significant and clearly supported by the record. The trial court did not abuse its discretion in concluding that neither of these was a significant mitigating circumstance.

[10] In any event, even if the trial court had abused its discretion in its consideration of (or failure to consider) aggravating and mitigating circumstances during sentencing, reversal would not be necessary, because as we will explain below, the sentence imposed is not inappropriate. *See Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*.

## Section 2 – McGee has not met her burden to demonstrate that her sentence is inappropriate.

[11] McGee claims that her sentence is inappropriate and invites this Court to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given

case." *Id*. at 1224. We consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[12] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a level 5 felony is between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6. The trial court here imposed a four-year sentence, with one year suspended to probation, resulting in an executed sentence of three years.

[13] The nature of McGee's offense is quite serious. She did not merely commit a garden-variety battery with something that may loosely be considered a deadly weapon. Rather, she pointed a loaded firearm and fired a bullet at her ex-boyfriend. The shot narrowly missed him and luckily hit the glass door instead. Marsh could have been killed, and we do not accept McGee's attempts to downplay the egregiousness of her behavior. She has not persuaded us that a three-year executed term is inappropriate in light of the nature of her offense.

[14]     McGee does not fare much better when her character is considered.  When considering the character of the offender, one relevant fact is the defendant's criminal history.  *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017), *trans. denied*.  Twenty-nine-year-old McGee is no stranger to the criminal justice system.  McGee had some contact with the juvenile justice system, and albeit minor offenses, McGee has four prior adult misdemeanor convictions.  She was granted the leniency of probation and/or a suspended sentence on each of those convictions, yet she violated the terms of her probation and/or suspended sentence every time.  McGee has shown utter disrespect for the judicial system in this regard and has refused to reform her behavior.  Moreover, McGee admits to a long history of substance abuse.  Under the circumstances, McGee has failed to convince us that her sentence is inappropriate in light of her character.  We decline the invitation to reduce her sentence and affirm the sentence imposed by the trial court.

[15]     Affirmed.

Robb, J., and Bradford, J., concur.