## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2018, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Benjamin E. Faulk,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 26, 2018

Court of Appeals Case No.
49A05-1706-CR-1255

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge

Trial Court Cause No.
49G02-1507-MR-23572

**Mathias, Judge.**

[1] Benjamin Faulk ("Faulk") was convicted of murder and ordered to serve sixty years executed in the Department of Correction. Faulk appeals and argues that

the State failed to rebut his claim of self-defense. Faulk also argues that the trial court abused its discretion in its consideration of the mitigating and aggravating circumstances and that his sixty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

Faulk and Jamie Hines ("Hines") lived together in a home in Indianapolis with several other individuals. Only Hines's name was on the lease of the residence, but Faulk was dating Hines's sister, and he allowed them to live with him. Tara Lillard ("Tara") also lived at the residence with her two daughters and their young children.

On July 2, 2015, Faulk and Hines got into an argument because Hines purchased chicken for Tara. Hines owed Faulk five dollars, and Faulk was upset that Hines had purchased Tara's chicken, but had not paid Faulk the money owed to him. The two men exchanged words and got into a physical altercation on the porch of their residence. Tara was also struck in the eye during the fight.

Eventually, the fighting stopped, and Hines told Faulk that he needed to move out of the house. Both Tara and Hines walked into the house and proceeded upstairs to the second floor. Hines entered Faulk's bedroom, gathered his clothing and threw them down the staircase. Faulk entered the house, and when he saw his clothing, yelled to Hines, "That's how you going to do me?"

Tr. Vol. II, p. 27. Faulk proceeded up the stairs to his room and passed Hines who was coming down the stairs.

[6] Hines remained at the bottom of the staircase, and when Faulk came back down the stairs, he grabbed Hines with his left hand. With his right hand, he stabbed Hines in the back of the neck with his pocket knife. Faulk then began to walk out of the house, and Hines tried to shut the front door. But Faulk turned around, kicked the door open, and stabbed Hines in the chest three times. One of the stab wounds penetrated Hines's ribcage and entered the right ventricle of his heart. The wound caused significant blood loss and ultimately Hines's death.

[7] On July 6, 2015, Faulk was charged with murder. A jury trial was held on April 17, 2017. Faulk argued that he acted in self-defense. The jury did not find his claim of self-defense credible and found him guilty of murder.

[8] On May 17, 2017, the trial court held Faulk's sentencing hearing. The court considered Faulk's criminal history and the circumstances of the offense as aggravating circumstances, and his remorse as a mitigating circumstance. After concluding that the aggravating circumstances, and particularly Faulk's criminal history, outweighed the mitigating circumstance, the trial court ordered Faulk to serve sixty years executed in the Department of Correction. Faulk now appeals.

# Self-Defense

[9] Faulk argues that the State failed to rebut his claim of self-defense. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). We neither reweigh the evidence nor judge the credibility of witnesses. *Id*. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id*.

[10] A valid claim of self-defense is legal justification for an otherwise criminal act. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c).

> However, a person:
>
>   (1) is justified in using deadly force; and
>
>   (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

> *Id.*

[11]  To prevail on a self-defense claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) acted without fault; and (3) was in reasonable fear of death or great bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). "When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements." *Wilson*, 770 N.E.2d at 800. "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999). "If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt." *Wilson*, 770 N.E.2d at 800–01.

[12]  Faulk's self-defense claim is based on his own self-serving testimony at trial. Faulk testified that as he came down the stairs, Tara Sue Woods ("Sue") handed Hines a fireplace poker, and Faulk feared for his safety. Sue unequivocally testified that she did not give the fireplace poker to Hines. Tr. Vol. 2, p. 104. The witnesses to the murder testified that Hines was unarmed when Faulk came down the stairs, grabbed Hines, and stabbed him. *Id*. at 28, 104.

[13]  Although Faulk was in a place where he had a right to be, the State presented sufficient evidence to rebut Faulk's claim that he acted without fault and was in reasonable fear of bodily harm. Faulk was upset that Hines purchased chicken for Tara when Hines owed him five dollars. Faulk started an argument with

Hines and the physical fight that followed. Shortly thereafter, he stabbed Hines, who was unarmed, in the neck. Faulk started to leave the house but then kicked open the door Hines was attempting to close and stabbed Hines three times in the chest. One of the stab wounds penetrated Hines's heart resulting in his death. This evidence is sufficient to rebut Faulk's claim of self-defense and is sufficient evidence that Faulk murdered Hines.

# Sentencing

[14] Faulk also argues that the trial court abused its discretion in its consideration of the mitigating and aggravating circumstances at the sentencing hearing and that his sixty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.[1]

## A. Aggravating and Mitigating Circumstances

[15] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the

---

[1] Throughout Faulk's argument challenging his sentence, he argues that his sentence should be reduced because his crime was more akin to voluntary manslaughter than murder and that he acted under strong provocation. However, Faulk did not request a lesser-included instruction on voluntary manslaughter at trial, and we will not consider the sentencing range for that crime as we consider his sentence for murder. The trial court also rejected Faulk's claim that he acted under strong provocation or that Hines humiliated him. The court noted that Faulk escalated a minor disagreement into murder. Tr. Vol. III, p. 44.

reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court abuses its discretion during sentencing by: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91.

[16] First, Faulk argues that the trial court abused its discretion when it considered the nature and circumstances of the crime as an aggravating circumstance. If the trial court relies upon an aggravating factor that is also a material element of the offense, then the trial court abuses its discretion; but if something is unique about the circumstances of the crime, then there is no abuse of discretion in relying upon these circumstances as an aggravating factor. *See Gomillia v. State*, 13 N.E.3d 846, 852–53 (Ind. 2014) (stating "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is improper as a matter of law").

[17] The trial court considered as aggravating that Faulk murdered Hines because of an argument over a five-dollar debt, and more specifically, that Hines purchased chicken for Tara Lillard instead of paying Faulk the five dollars that Hines owed to him. The trial court stated that the fact that Hines "lost his life . . . over a bucket of chicken, is one of the saddest things in this entire world." Tr.

Vol. 3, p. 43. The trial court acted within its discretion when it identified this unique circumstance of the offense and considered it to be aggravating.

[18] Faulk also argues that the trial court abused its discretion when it failed to consider Faulk's tragic childhood as a mitigating circumstance. Importantly, the trial court is not obligated to accept the defendant's argument concerning what constitutes a mitigating factor. *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans. denied*. Moreover, if the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the court is not obligated to explain why it found the circumstance not to be mitigating. *Anglemyer*, 868 N.E.2d at 493.

[19] Although the trial court never specifically identified Faulk's childhood as a mitigating factor, the trial court discussed his childhood when it imposed his sentence. The only evidence of Faulk's tragic childhood was his own testimony at the sentencing hearing. Therefore, the trial court acted within its discretion when it either rejected Faulk's childhood as a mitigating circumstance or when it assigned it little weight.

## B. Inappropriate Sentence

[20] Finally, Faulk argues that his sixty-year sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Alvies v.*

*State*, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing *Anglemyer*, 868 N.E.2d at 491).

[21] This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Importantly, the principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[22] In this case, the trial court was statutorily authorized to impose a sentence between forty-five and sixty-five years, and the advisory sentence for murder is fifty-five years. *See* Ind. Code § 35-50-2-3. Therefore, Faulk's sixty-year sentence is less than the maximum, but more than the advisory.

[23] Faulk started an argument with Hines over a five-dollar debt. The argument resulted in a physical altercation after which Hines told Faulk to move out of his house. Shortly thereafter, Faulk grabbed Hines and stabbed him in the neck

with his pocket knife. Faulk started to leave the house, but turned around, came through the door Hines was attempting to shut, and stabbed Hines three more times in the chest. One of the stab wounds penetrated the right ventricle of Hines's heart, which resulted in Hines's death. Nothing about the circumstances of this offense persuades us that Faulk's sentence is inappropriate.

[24] Faulk's character is reflected in the offense but also in his prior criminal history. Faulk has four prior felony convictions: retail fraud, possession of a short shotgun, fleeing law enforcement, and dealing marijuana. He also has a misdemeanor conversion conviction. Faulk has not demonstrated that he is able to live a law-abiding life. We acknowledge that Faulk expressed remorse, has a steady employment history, and suffered a tragic childhood. But when those factors are considered against his criminal history, Faulk has not persuaded us his character is such that his sixty-year sentence is inappropriate.

[25] For all of these reasons, we conclude that Faulk's sixty-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

[26] Faulk's claim that he acted in self-defense is simply a request to reweigh the evidence and the credibility of the witnesses, which our court will not do. The trial court acted within its discretion in imposing Faulk's sentence, and his

sixty-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[27]    Affirmed.

Najam, J., and Barnes, J., concur.