ATTORNEYS FOR APPELLANT
Ruth Ann Johnson
Deputy Public Defender

Victoria L. Bailey
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Andrew Falk
Deputy Attorney General
Indianapolis, Indiana



FILED

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 49S02-1408-CR-521

JOSHUA GOMILLIA,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, Criminal Division 22, No. 49G22-1106-FA-045521
The Honorable Anne Flannelly, Commissioner

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-1301-CR-77

**August 12, 2014**

**Rucker, Justice.**

Under terms of a plea agreement defendant was convicted of robbery and criminal deviate conduct. Alleging the trial court abused its discretion in imposing the sentence defendant appealed. We affirm the judgment of the trial court.

**Facts and Procedural History**

During the late evening to early morning hours of June 22-23, 2011 then eighteen-year-old Joshua Gomillia was spending time with, among others, two of his friends: Lebronze Myles and Wendell Carter. At some point during the night Gomillia consumed several Xanax pills. His friend Carter was gambling and lost a lot of money. So the trio decided to commit a robbery to recoup some of the losses. Carter drove Myles and Gomillia to a residence in Indianapolis that Gomillia selected. The resident, E.K. who was at home at the time, had risen around 5:00 a.m. and was preparing to go to work. Hearing the doorbell ring E.K. opened the door slightly and Gomillia, face covered and armed with a handgun, forced his way into E.K.'s home. Carter followed with his face covered as well. Gomillia demanded money and jewelry, and holding the handgun to E.K.'s temple forced E.K. to perform fellatio on him. Afterwards Carter forced E.K. to do the same. Gomillia then began to force E.K. from the kitchen toward the bedroom threatening to rape her. E.K. attempted to stop any further sexual assault by declaring that she had a pacemaker, to which Gomillia responded, "don't give me a reason to make you use that pacemaker." State's Ex. 1. Thereafter Myles also entered E.K.'s home and encouraged the group to leave—apparently daybreak had begun. The trio ransacked the house taking several items of E.K.'s personal property including an ATM card, two television sets, a laptop computer, and a pair of earrings. Gomillia and Myles then left the house together and later went to a filling station where the ATM card was used to purchase gas and candy. Carter left the house separately in E.K's Saturn automobile and was apprehended shortly thereafter.

On June 28, 2011, the State charged Gomillia, Myles, and Carter with Count I criminal deviate conduct as a class A felony; Count II criminal deviate conduct as a class A felony; Count III robbery as a class B felony; Count IV burglary as a class B felony; Count V criminal confinement as a class B felony; and Count VI auto theft as a class D felony. Thereafter Gomillia entered an agreement with the State in which he agreed to plead guilty to one count of

2

class A felony criminal deviate conduct and class B felony robbery. As a part of the plea agreement the State dismissed the remaining charges. Gomillia also agreed to cooperate with the State in the prosecution of Myles and Carter.[1] Further, the parties agreed the executed portion of the sentence would not exceed forty years.

At the sentencing hearing the trial court took into account, among other things, over twenty letters from friends and relatives written in support of Gomillia. The trial court also heard testimony from Gomillia's mother, father, aunt and uncle essentially attesting to Gomillia's good character, strong family support, and that but for his consumption of drugs and alcohol that night these crimes would never have occurred. In imposing sentence the trial court found as mitigating factors that Gomillia accepted responsibility for his crimes, was remorseful, had no prior convictions, and had cooperated with the prosecution. In aggravation the trial court noted "the circumstances of this crime," Tr. at 60, including the terror Gomillia inspired in the victim. In particular the court observed:

> [T]he circumstances of this crime . . . far outweigh the mitigating circumstances in this case. Two young, strong, men force their way into this lady's house. They change her life forever. They are both armed, and that is an element of the crime, so that basically is not an aggravator. But two strong, young, [sic] men force their way into this lady's home with a third colleague out in the car who gets worried about the sun coming up and you had better get out of there. The threats to this lady, the terror that you inspired in her, the whole circumstance of this crime, an aggravator that substantially outweigh the mitigators that I find.

Tr. at 60-61. The trial court also noted Gomillia's leadership role in the events of that night: "[Y]ou basically . . . led this event. You go into that house first. You pick the house. . . . You decide that you want some sex that night and your colleague willingly takes part but you led the whole thing." Tr. at 61. Concluding that the aggravating factors "substantially outweigh" the mitigating factors, Tr. at 61, the trial court sentenced Gomillia to a term of forty-five years for the criminal deviate conduct conviction with five years suspended; and a term of ten years for the robbery conviction to be served concurrently for a total executed term of forty years.

---

[1] Although the record is not altogether clear apparently Carter entered a plea agreement with the State, see App. at 135, and Myles proceeded to trial at which Gomillia testified. See App. at 149, 175.

3

Gomillia appealed contending the trial court abused its discretion in imposing sentence. Specifically Gomillia argued: (1) The trial court improperly relied on evidence outside the record in imposing sentence, and (2) The trial court improperly found as an aggravating factor the "nature and circumstances" of the crime in that "the circumstances articulated by the trial court were essentially elements of the offenses." Br. of Appellant at 4. The Court of Appeals rejected both arguments. On this latter point, the Court of Appeals cited this Court's opinion in Pedraza v. State, 887 N.E.2d 77 (Ind. 2008) for the proposition that relying on an element of the offense as an aggravating factor is no longer prohibited. See Gomillia v. State, 993 N.E.2d 306, 310 (Ind. 2013). We grant Gomillia's petition to transfer to address this proposition. In all other respects we summarily affirm the opinion of the Court of Appeals.

## Background

In 2005, the General Assembly amended Indiana's sentencing statutes in response to a series of United States Supreme Court decisions that limited the discretion of trial court judges. See Rice v. State, 6 N.E.3d 940, 942 (Ind. 2014) (footnote omitted). In particular, new sentencing statutes were enacted to resolve a Sixth Amendment problem presented by Blakely v. Washington, 542 U.S. 296, 301 (2004)[2] (noting: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). See also United States v. Booker, 543 U.S. 220 (2005) (applying Blakely to the Federal Sentencing Guidelines). Accordingly, while leaving intact lower and upper limits for each class of felony, the Legislature amended Indiana's sentencing statutes by eliminating fixed presumptive terms for sentences in favor of "advisory sentences" that are between the minimum and maximum terms. See I.C. § 35-50-2-3 through -7 (2006 Supp.). In

---

[2] In Blakely the defendant kidnapped his wife at knifepoint, bound her and put her in his truck, and drove from Washington to Montana. The defendant pleaded guilty to second-degree kidnapping involving domestic violence and use of a firearm, a class B felony. Under Washington state law punishment for a class B felony was capped at ten years. See Blakely, 542 U.S. at 299. According to Washington's Sentencing Reform Act, the standard sentencing range for Blakely's crime was 49 to 53 months. Id. The trial judge imposed an aggravated sentence of 90 months—37 months over the standard range—pursuant to a Washington statute that allowed an increased sentence if a judge found "substantial and compelling reasons justifying an exceptional sentence." Id. at 299, 300 (internal quotation omitted). The Washington trial judge had relied on "deliberate cruelty," an aggravating factor enumerated in the statutes. Id. at 300.

4

addition the Legislature eliminated the requirement that trial courts must consider certain mandatory circumstances when determining the exact sentence to be imposed. Rather, the amended statute included a non-exhaustive list of aggravating and mitigating circumstances trial courts "may consider," I.C. § 35-38-1-7.1(a)–(b) (2006 Supp.), and provided in part:

> A court may impose any sentence that is:
>
> (1) authorized by statute; and
>
> (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances.

I.C. § 35-38-1-7.1(d) (2006 Supp.). Notwithstanding this provision the Legislature retained Indiana Code section 35-38-1-3 (2004) which provides:

> Before sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and to present information in his own behalf. The court shall make a record of the hearing, including:
>
> (1) a transcript of the hearing;
>
> (2) a copy of the presentence report; and
>
> (3) if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes.

After these enactments this Court decided Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007), in which we reiterated that "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Id. at 490 (citing Smallwood v. State, 773 N.E.2d 259, 263 (Ind. 2002)). The Court then provided examples of ways in which a trial court may abuse its sentencing discretion: (1) "failing to enter a sentencing statement at all," (2) "entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," (3) "the sentencing statement omits reasons that are clearly supported

5

by the record and advanced for consideration," or (4) "*the reasons given are improper as a matter of law*." Id. at 490-91 (emphasis added).  It is this latter example that concerns us in this case.

## Discussion

Over two decades ago this Court declared, "[t]he mere fact which comprises a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence[.]" Townsend v. State, 498 N.E.2d 1198, 1201 (Ind. 1986).  In Townsend the defendant was convicted of robbery and confinement as class B felonies.  The offenses were charged as class B felonies because of the allegation that the defendant was armed with a handgun as a deadly weapon.   In imposing consecutive twenty-year sentences—ten years above the presumptive term—the trial court's sentencing statement identified several aggravating factors including possessing "a loaded gun" and "threatening the life of the victim[.]"  Id.  Challenging his sentence the defendant argued among other things that the trial court erroneously used as aggravating circumstances the same elements that constituted the crimes.[3]  Remanding this cause for a new sentencing statement and order the Court had this to say:

---

[3] At the time of the offenses the relevant statutes provided in pertinent part:

> A person who knowingly or intentionally takes property from another person or from the presence of another person:
> (1) by using or threatening the use of force on any person; or
> (2) *by putting any person in fear;*
> commits robbery, a Class C felony.  *However, the offense is a Class B felony if it is committed while armed with a deadly weapon* or results in bodily injury to any person other than a defendant, and a Class A felony if it results in serious bodily injury to any person other than a defendant.

I.C. Ann. § 35-42-5-1 (West 1986) (emphasis added).

> A person who knowingly or intentionally:
> (1) confines another person without his consent; or
> (2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;
> commits criminal confinement, a Class D felony.  However, the offense is a . . . *Class B felony if it is committed while armed with a deadly weapon . . . .*

I.C. Ann. § 35-42-3-3(a) (West 1986).

6

> *[T]wo of the aggravating circumstances, possession of the gun and threatening the victim, were elements of the crime for which the defendant was convicted, and thus, standing alone, cannot be considered as aggravating circumstances to support an enhanced sentence.* If the trial court's imposition of the enhanced sentence resulted from consideration of the mere facts of weapon possession and threatening the victim, the sentence must be revised to exclude such considerations. However, if the enhanced sentence resulted from the trial court's consideration of the particularized circumstances of these factual elements, the trial court's sentencing statement must specify reasons why the use of the gun in this instance, or the manner in which the victim was threatened, constitute aggravating circumstances which support the imposition of the enhanced sentence.

Townsend, 498 N.E.2d at 1202 (emphasis added).

Since Townsend this Court as well as the Court of Appeals has consistently relied upon the rule that a material element of an offense may not constitute an aggravating circumstance to support an enhanced sentence. See, e.g., Spears v. State, 735 N.E.2d 1161, 1167 (Ind. 2000); Angleton v. State, 714 N.E.2d 156, 160 (Ind. 1999); Johnson v. State, 687 N.E.2d 345, 347 (Ind. 1997); Holmes v. State, 642 N.E.2d 970, 972 (Ind. 1994); St. John v. State, 523 N.E.2d 1353, 1359 (Ind. 1988); Bewley v. State, 572 N.E.2d 541, 545 (Ind. Ct. App. 1991); Linger v. State, 508 N.E.2d 56, 64 (Ind. Ct. App. 1987). However the landscape shifted dramatically after this Court decided Pedraza v. State, 887 N.E.2d 77 (Ind. 2008), which we will discuss momentarily. We pause here to evaluate the apparent underlying rationale for the Townsend holding.

We first observe that Townsend itself does not expressly say why a material element of an offense may not constitute an aggravating circumstance to support an enhanced sentence. And the cases citing Townsend merely do so for the stated rule but provide little to no guidance on the subject. However one of the cases on which Townsend relies in support of this proposition gives us a clue: Pavey v. State, 477 N.E.2d 957 (Ind. Ct. App. 1985). In Pavey the defendant was convicted of child molesting as a class C felony. At the time the relevant statute provided in pertinent part:

7

> A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

Id. at 962 n.5 (alteration omitted) (quoting I.C. Ann. § 35-42-4-3(b) ([Burns Supp. 1984])). The trial court sentenced Pavey to eight years in prison which at the time was three years above the presumptive term. In so doing the trial court relied in part on the victim's age—nine—as an aggravating factor. On appeal Pavey argued among other things the trial court erred in considering the victim's age as an aggravating circumstance. Rejecting this argument the Court of Appeals observed:

> *This court assumes the legislature took into consideration the serious nature of every act it defines as criminal, and that in all cases it assigned an appropriate level of punishment.* The legislature, however, allowed as an aggravating circumstance the seriousness of any individual offense within the generally serious nature of the offense in the abstract. Thus, within the broad area of conduct defined as molesting a child of fewer than twelve years, *individual circumstances may show that a particularly disturbing case warrants an enhanced sentence.* The specific age of the victim within the range of fewer than twelve years is just such an individual circumstance.

Pavey, 477 N.E.2d at 963 (emphasis added) (internal citation omitted).[4] We read Pavey as standing in part for the proposition that the presumptive sentence was the starting point the Legislature had determined was an appropriate sentence. And the elements of the offense were subsumed into that sentence. So, for example, where the age of the victim is an element of the offense then the presumptive sentence for that offense prevails, unless there is something unique about the individual circumstances that would justify an enhanced sentence based on age. See id. See also Washington v. State, 422 N.E.2d 1218, 1221 (Ind. 1981) ("The fact that the use of a weapon automatically raised the counts on confinement from class D to class B felonies does not

---

[4] This Court recently reached a similar conclusion. See Kimbrough v. State, 979 N.E.2d 625, 628 (Ind. 2012) (noting "even where the age of the victim is an element of the offense, the very young age of a child can support an enhanced sentence as a particularized circumstance of the crime").

preclude the court from also considering the manner in which the gun was used as an aggravating circumstance.").

Although Townsend is the seminal case upon which much of our authority relies for the rule that a fact which comprises an element of the crime may not also constitute an aggravating factor absent individual circumstances, this proposition actually predates Townsend by a few years. In any event this rule has been the law of this state for nearly three decades.

As noted earlier, a few years ago the foregoing understanding changed. In Pedraza v. State this Court addressed whether certain sentencing scenarios constituted impermissible double enhancement. 887 N.E.2d at 80-81. First, we confronted whether an aggravating factor and a habitual offender status could be based on the same prior conviction. Id. at 80. Noting that under the 2005 statutory scheme trial courts do not "enhance" sentences upon the finding of such aggravators, we declared that "when a trial court uses the same criminal history as an aggravator and as support for a habitual offender finding, it does not constitute impermissible *double enhancement* of the offender's sentence." Id. (emphasis added). Next, and important to our discussion here, we addressed whether a trial court could find the existence of an aggravating factor and elevate a criminal charge based on the same prior conviction. Id. We had this to say:

> Another rule established early on in this field provides that a material element of a crime may not also form an aggravating circumstance to support an enhanced sentence. Townsend v. State, 498 N.E.2d 1198, 1201 (Ind. 1986). For the same reasons we stated above, based on the 2005 statutory changes, this is no longer an inappropriate *double enhancement*.

Pedraza, 887 N.E.2d at 80 (emphasis added). Citing Pedraza in support several panels of the Court of Appeals have taken the position that trial courts are no longer prohibited from considering material elements of an offense when considering aggravating circumstances at sentencing.[5] We believe this is too broad a reading of Pedraza.

---

[5] See, e.g., Barker v. State, 994 N.E.2d 306, 312 (Ind. Ct. App. 2013); Kubina v. State, 997 N.E.2d 1134, 1138 (Ind. Ct. App. 2013); Simmons v. State, 962 N.E.2d 86, 93 n.2 (Ind. Ct. App. 2011); Taylor v. State, 891 N.E.2d 155, 161 (Ind. Ct. App. 2008).

It is certainly the case that under the 2005 statutory scheme "a trial judge may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating factors." Anglemyer, 868 N.E.2d at 489. Therefore, under this scheme trial courts technically do not "enhance" sentences upon the finding of aggravators; accordingly there is no impermissible double enhancement where the trial court relies on the material element of a crime as an aggravating circumstance. Pedraza, 887 N.E.2d at 80. But there are at least two considerations that have a bearing on this point. First, "if the trial court 'finds' the existence of 'aggravating circumstances or mitigating circumstances' then the trial court is required to give 'a statement of the court's reasons for selecting the sentence that it imposes.'" Anglemyer, 868 N.E.2d at 490 (quoting I.C. § 35-38-1-3). Second, double enhancement aside, the question remains whether the use of a material element of an offense as a reason for the sentence a trial court imposes is "improper as a matter of law." Id. at 491. We are of the view that in some circumstances it is improper.

Just as with the presumptive sentence under the prior statutory regime, we have consistently said "the *advisory sentence* [under the current statutory regime] is the starting point the Legislature selected as an appropriate sentence for the crime committed." Anglemyer, 868 N.E.2d at 494 (emphasis added). See also Brown v. State, 10 N.E.3d 1, 4 (Ind. 2014); Abbott v. State, 961 N.E.2d 1016, 1019 (Ind. 2012); Pierce v. State, 949 N.E.2d 349, 352 (Ind. 2011); Coleman v. State, 946 N.E.2d 1160, 1170 (Ind. 2011); Whatley v. State, 928 N.E.2d 202, 208 (Ind. 2010) (quotation omitted). And just as with the prior regime, under the current statutory regime the Legislature has determined the appropriate advisory sentence based upon the elements of the offense. Where a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is "improper as a matter of law." Anglemyer, 868 N.E.2d at 491. Nothing in Pedraza should be understood to alter this basic premise.

In this case Gomillia contends the trial court abused its sentencing discretion by "using the elements of [Gomillia's] offenses to aggravate his sentence." Br. of Appellant at 10. Specifically Gomillia complains about the trial court's reference to the threats made to the victim

10

and the fear the victim suffered. Id. at 10-11.[6] We make two observations. First "fear" (the trial court actually referred to "the terror" Gomillia inspired in the victim) is not an element of criminal deviate conduct. It is an element of robbery as a class C felony. But here Gomillia pleaded guilty to class B felony robbery; and in any event the trial court imposed the advisory sentence for this offense. Second, we do not read the trial court's general reference to "[t]he threats to this lady," Tr. at 61, as necessarily equating to the "threat of force" element in the criminal deviate conduct conviction. As a practical matter the victim was threatened the moment two young men burst into her home wielding weapons and demanding money and jewelry. In any case even assuming the trial court relied upon "threat of force" as an element of the offense, Gomillia is still entitled to no relief. In imposing sentence the trial court declared in part "the circumstances of this crime . . . far outweigh the mitigating circumstances in this case." Tr. at 60. We have held: "Generally, the nature and circumstances of a crime is a proper aggravating circumstance. Even if the trial court relied on an improper factor under this aggravating circumstance, the sentence may be upheld so long as [t]he remaining components of that aggravator were proper." McCann v. State, 749 N.E.2d 1116, 1120 (Ind. 2001) (alteration in original) (internal citation and quotations omitted). Here the nature and circumstances of the crime included the trial court's discussion of the leadership role Gomillia played in the commission of these offenses, as well as the terror the victim suffered. Both are appropriate

---

[6] Gomillia was convicted of class A felony criminal deviate conduct and class B felony robbery. In pertinent part the elements of the former are:

> (a) A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when: (1) the other person is compelled by force or imminent *threat of force* . . . commits criminal deviate conduct, a Class B felony.
> (b) An offense described in subsection (a) is a Class A felony if: . . . (2) it is committed while armed with a deadly weapon.

I.C. § 35-42-4-2 (emphasis added). In pertinent part the elements of the latter are:

> A person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by *putting any person in fear*; commits robbery, a Class C felony. However, the offense is a Class B felony if it is committed while armed with a deadly weapon . . . .

I.C. § 35-42-5-1 (emphasis added).

reasons justifying a sentence greater than the advisory term. In sum, the trial court did not abuse its discretion in imposing Gomillia's sentence.

## Conclusion

We affirm the judgment of the trial court.

Dickson, C.J., and David, Massa and Rush, JJ., concur.