**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DOMINIQUE HUGHES,              )
                              )
    Appellant-Defendant,      )
                              )
        vs.               )    No. 49A02-1311-CR-985
                              )
STATE OF INDIANA,             )
                              )
    Appellee-Plaintiff.       )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John M.T. Chavis, II, Judge
Cause No. 49F15-1307-FD-49658

**January 14, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Dominique Hughes appeals the sentence the trial court imposed upon him for his conviction of theft, a Class D felony, Ind. Code § 35-43-4-2 (2009), and for being an habitual offender. We affirm.

## ISSUE

Hughes raises one issue, which we restate as: whether the trial court abused its discretion in sentencing him.

## FACTS AND PROCEDURAL HISTORY

Jeff Bailey and Bonnie Rhodus went to Indianapolis in Bailey's truck to assist Bailey's sister with moving items from her home. At one point in the afternoon, Bailey went outside to check his truck because he thought he may have left it unlocked. He discovered that one of the truck's doors was ajar, and his phone and Rhodus's tablet computer were missing.

Bailey called the police on Rhodus's phone. Next, he obtained another phone and activated an application to locate his missing phone. Officer Greenwell of the Indianapolis Metropolitan Police Department arrived six minutes after receiving the dispatch order. Bailey showed Officer Greenwell the application, which indicated where his phone could be found. According to the application, the missing phone was several blocks away and was moving.

Officer Greenwell contacted Officer Dewey Runnels, who was close to the area where the application indicated the phone was located. Officer Runnels saw a person, later identified as Hughes, riding his bike at the location identified by the application.

2

Hughes was carrying a tablet computer in a plastic bag. Officer Runnels detained Hughes and determined that he was also carrying a phone.

Officer Greenwell, Bailey, and Rhodus went to the scene of Hughes's detention. Both the phone and the tablet computer were secured with security codes, and Hughes was unable to provide the codes. Bailey and Rhodus recognized the devices, so Officer Greenwell asked them if they knew the codes. Bailey provided the code to unlock the phone, Rhodus provided the code to unlock the tablet computer, and they showed the officers photographs of themselves that were stored on the devices.

The State charged Hughes with two counts of theft, both Class D felonies, and filed an habitual offender enhancement. A jury determined that he was guilty of one count of theft, not guilty of the other count of theft, and was an habitual offender.

The sentencing hearing was not recorded due to a mechanical error, so Hughes submitted a verified statement of evidence pursuant to Indiana Appellate Rule 31. The trial court issued a verified affidavit addressing the statement of evidence. According to the trial court's affidavit, the court determined that Hughes's criminal history and violation of probation were aggravating factors. The court determined that there were no mitigating factors. The court thus sentenced Hughes to three years on the theft charge, plus an additional 910 days due to the habitual offender enhancement. The court ordered him to serve 730 of the additional 910 days on work release and, if successful, to serve the remaining 180 days on home detention. This appeal followed.

3

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Gomilia v. State*, 13 N.E.3d 846, 849 (Ind. 2014). A trial court may abuse its sentencing discretion by: (1) failing to issue a sentencing statement; (2) entering a statement that explains the reasons for imposing a sentence, but the record does not support the reasons; (3) omitting from the sentencing statement reasons that are clearly supported by the record and advanced for consideration; or (4) stating reasons that are improper as a matter of law. *Id.*

Hughes argues that the trial court erroneously omitted a mitigating factor, specifically that he was likely to respond affirmatively to probation or short-term imprisonment. *See* Ind. Code § 35-38-1-7.1(b)(7) (2008). A trial court is not obligated to accept a defendant's assertion as to what constitutes a mitigating circumstance. *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied*. A claim that the trial court committed reversible error by failing to find a mitigating circumstance requires the defendant to establish that the mitigating circumstance is both significant and clearly supported by the record. *Id.*

In this case, at sentencing Hughes submitted a report that was prepared by a social worker employed by the public defender's office. In the report, the social worker described Hughes' life history and asserted that, in her opinion, incarceration would not encourage him to reform. Instead, the social worker claimed that sentencing Hughes to community corrections rather than imprisonment would allow him to get a job and go to

school.  She suggested a number of vocational and educational programs that she believed would assist Hughes.  The social worker also testified at the sentencing hearing.

The trial court acknowledged the social worker's recommended mitigating factors, but at the sentencing hearing the court characterized that evidence as "self-serving." Appellant's App. p. 103.  In its affidavit on the certified statement of evidence, the court referred to Hughes's extensive and persistent criminal history.  Hughes was nineteen years old and habitual eligible at sentencing.  As a juvenile, he was adjudicated a delinquent in separate cases for acts that, if committed by an adult, would constitute carrying a handgun without a license; Class D felony theft; possession of marijuana; Class D felony receipt of stolen property; and unlawful entry of a motor vehicle.  He was placed on probation in all five cases and failed to comply with the terms of probation in four of the cases.

As an adult, Hughes has two prior convictions for Class D felony theft.  In both cases, he was placed on probation and failed to comply with probation rules.  As a matter of fact, Hughes was on probation when he committed the current offense.

Despite his young age, Hughes has a long history of violating the terms of probation and of continuing to commit crimes despite being given numerous opportunities to reform.  Based on this record, we cannot conclude that the record clearly supports a conclusion that he would respond well to probation or short-term imprisonment.  *See Julian v. State*, 811 N.E.2d 392, 402-03 (Ind. Ct. App. 2004) (no abuse of discretion in rejecting mitigator that defendant would respond well to probation

5

or short-term imprisonment; trial court considered proposed mitigator and rejected it due to defendant's history of misconduct), *trans. denied*.

Hughes asserts that in the pre-sentence investigation report, the probation officer recommended community corrections placement rather than incarceration. We disagree. The probation officer did not recommend a specific sentence. Instead, the officer asserted that if Hughes was placed on probation, he "would benefit from external control programming, such as day reporting, home detention, or community service work to address his area of risk in criminal and antisocial history . . . ." Pre-Sentence Investigation Report, p. 12. The trial court apparently agreed with the probation officer's suggestion, because the court sentenced Hughes to serve a part of the sentence for his habitual offender enhancement through community corrections and home detention. The trial court did not abuse its discretion.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and BAILEY, J., concur.