## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 24 2018, 10:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melvin P. Owens, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | July 24, 2018 <br><br> Court of Appeals Case No. 18A-CR-451 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1709-F5-281 |

**Vaidik, Chief Judge.**

# Case Summary

Melvin Owens appeals his four-year sentence for fraud on a financial institution, a Level 5 felony. He contends that the trial court relied on an improper aggravator when sentencing him and that his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

On September 22, 2017, Melvin Owens entered a branch of Old National Bank in Fort Wayne, Indiana, and, using the "ID card" of a Kentucky man, withdrew a sum of $5000 in cash and $2500 in cashier's checks from the man's bank account. Appellant's App. Vol. II p. 9. Shortly thereafter, Owens arrived at a second Old National Bank branch in town and attempted to withdraw money from the same account, but he was told that the account had been closed. After Owens left the second branch, the bank sent a fraud-alert notice with an attached photo of Owens to all other area branches stating that he was part of an identity-theft ring associated with compromised Kentucky accounts. That same day, Owens entered a third Old National Bank branch in town and, using a "photo ID" of an Illinois man, attempted to withdraw money. *Id.* The branch workers recognized Owens, so they stalled him and called the police.

Owens was arrested and charged with fraud on a financial institution, a Level 5 felony.[1] Owens pled guilty as charged. *Id.* at 30.

[3] At the sentencing hearing, Owens said he committed the crime because he could not financially provide for his children. Tr. Vol. II p. 15. Owens also submitted letters from people in his community, including his pastor and daughter, that reflected on his character and his value in the community. The trial court acknowledged the letters submitted on his behalf. The trial court then identified mitigating and aggravating circumstances. As for mitigators, the court found that Owens expressed remorse and accepted responsibility for his actions by pleading guilty. *Id.* at 15-16. However, the court noted that Owens "seem[ed] to keep minimizing what it is that [he] did due to financial hardship." *Id.* at 16. The court found the following aggravating circumstances: Owens's pending criminal charges in Kentucky; his extensive criminal history from 1976 to present, including convictions in Michigan for weapons-concealed, manslaughter, robbery-unarmed, assault with intent to do great bodily harm less than murder, possession of a controlled substance, and retail fraud; and the fact that he had previously received the benefit of rehabilitative treatment during both long-term and short-term periods of incarceration. *Id.* at 16-17. The trial court sentenced Owens to four years in the Indiana

---

[1] Because Owens used a Kentucky ID card at the first two branches, he was also charged separately in Kentucky for identity theft and for being a persistent felony offender. Appellant's App. Vol. II p. 47.

Department of Correction, one year above the advisory sentence. *See* Ind. Code § 35-50-2-6(b).

[4] Owens now appeals.

# Discussion and Decision

[5] Owens contends that the trial court abused its discretion by considering an improper aggravating factor when it sentenced him. He also contends that his sentence is inappropriate in light of the nature of the offense and his character.

## I. Aggravating Factor

[6] Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). "Where a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" *Gomillia v. State*, 13 N.E.3d 846, 852-53 (Ind. 2014) (quoting *Anglemyer,* 868 N.E.2d at 491). Owens argues that the trial court erroneously considered the pending Kentucky charge for identity theft as an aggravator because "the pending charge is based on a[n] element included in the crime for which the [d]efendant was found guilty." Appellant's Br. p. 8.

[7] Even if we presume that the trial court abused its discretion when it considered the pending Kentucky charge as an aggravator, Owens has a lengthy criminal history from 1976 to present, in which he was convicted of carrying a concealed weapon, manslaughter, unarmed robbery, assault with intent to do great bodily harm, possession of a controlled substance, and retail fraud. In addition, he has previously received the benefit of both short-term and long-term rehabilitative treatment. Accordingly, we are confident that the court would have imposed the same sentence even if it had not considered the pending Kentucky charge as an aggravator. *See Anglemyer*, 868 N.E.2d at 491 ("remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.").

## II.  Inappropriate Sentence

[8] Owens also argues that his sentence is inappropriate. Under Indiana Appellate Rule 7(B), this Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). The defendant has the burden of persuading this Court that his or her sentence is inappropriate. *Thomson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014). A Level 5 felony, which Owens was convicted of, has a sentencing range of one to six years, with an advisory sentence of three years. I.C. § 35-50-2-6(b).

[9] Regarding the nature of the offense, Owens asserts that his sentence should be reduced because the nature of his crime "was of a less noxious nature than if it involved a larger sum [of] money." Appellant's Br. p. 12. However, the crime of fraud on a financial institution does not place any importance on the amount of money taken, *see* Ind. Code § 35-43-5-8, and we presume the legislature considered the nature of the crime of fraud on a financial institution in determining its penal consequences. Owens used a Kentucky citizen's ID card to fraudulently acquire $7500 from a bank. He attempted to commit the same offense at two other branches and, on the last attempt, he used an Illinois citizen's ID card.

[10] Even if this offense was not remarkable, his character weighs against any revision in his sentence. Owens points out that he has done nothing wrong since his 2009 conviction; however, as the trial court noted:

> [Y]ou admitted using marijuana beginning at age 13 . . . you resumed using at age 50 or 51 . . . until age 60 . . . you are 61. You began using crack cocaine at age 34, quit at age 35, resumed use at 42 . . . until your last use in November of 2016. That indicates to me that you don't understand wrong and right, because you have committed wrongs since 2009.

Tr. Vol. II p. 17. Owens also has a lengthy criminal history, as previously mentioned. We acknowledge the letters written in support of Owens and that he pled guilty and expressed remorse, but when compared to his lengthy criminal history, including the fact that he previously received the benefit of rehabilitative treatment, Owens has failed to persuade us that a sentence of one

year above the advisory is inappropriate in light of his character and the nature of his offense.

[11]     Affirmed.

Pyle, J. and Barnes, Sr. J., concur.