## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2018, 10:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melody Helmbrecht, <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 5, 2018 <br><br> Court of Appeals Case No. 18A-CR-1965 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Robert J. Pigman, Judge <br><br> Trial Court Cause No. 82D03-1708-F5-4645 |

**Bradford, Judge.**

# Case Summary

In 2017, Melody Helmbrecht was tasked with the care of the severely-disabled B.M. B.M.'s father ("Father") eventually became concerned about B.M.'s care and installed surveillance cameras, which recorded Helmbrecht abusing B.M. Helmbrecht was eventually convicted of Level 6 felony battery of a disabled person, and the trial court sentenced her to two years of incarceration with one year suspended to therapeutic work release. Helmbrecht contends that the trial court abused its discretion in sentencing her. Because we disagree, we affirm.

# Facts and Procedural History

Helmbrecht is a licensed practical nurse who, in the summer of 2017, was assigned to care for nine-year-old B.M. at her Evansville home while Father was at work. B.M. suffers from cerebral palsy and a seizure disorder, is developmentally delayed, is non-verbal with no way of communicating, requires constant supervision, and is entirely dependent upon others to fulfill her needs. At some point, Father became concerned about B.M.'s care and installed cameras in the house in plain view, informing Helmbrecht's employer that he was doing so. When Father reviewed the video recorded by the cameras, he observed B.M. on the couch "swaying back and forth" while Helmbrecht ignored her from the other side of the couch. Tr. p. 24. Additional video showed Helmbrecht dragging B.M. by a wrist, pinning B.M. behind herself on the couch while B.M. was kicking and apparently trying to escape, ignoring B.M., and dropping B.M. onto the couch.

[3] On August 3, 2017, the State charged Helmbrecht with Level 5 felony battery resulting in bodily injury to a disabled person and Level 6 felony neglect of a dependent. On May 4, 2018, the trial court found Helmbrecht guilty of battery of a disabled person as a Level 6 felony. On June 12, 2018, the trial court sentenced Helmbrecht to two years of incarceration with one year suspended to therapeutic work release.

# Discussion and Decision

[4] Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion, which occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id.* A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence–including a finding of aggravating and mitigating factors if any–but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490–91.

[5] Helmbrecht contends that the trial court impermissibly used elements of her crime as aggravating circumstances. It is true that the Indiana Supreme Court

has concluded "that in some circumstances it is improper" to rely on a "material element of an offense" when identifying a sentencing aggravator. *Gomillia v. State*, 13 N.E.3d 846, 852 (Ind. 2014). That said, while "a material element of a crime may not be used as an aggravating factor to support an enhanced sentence[,]" the trial court may properly consider the particularized circumstances of the factual elements as aggravating factors" and "this aggravator is thought to be associated with particularly heinous facts or situations." *McElroy v. State*, 865 N.E.2d 584, 589–90 (Ind. 2007).

[6] Turning to the case before us, Helmbrecht was convicted of Level 6 felony battery of a disabled person, which required proof that she knowingly or intentionally touched B.M. in a rude, insolent, or angry manner where "[t]he offense [was] committed against a person of any age who has a mental or physical disability and [was] committed by a person having the care of the person with the mental or physical disability[.]" Ind. Code § 35-42-2-1(e)(4). In sentencing Helmbrecht, the trial court stated the following:

> [Y]ou have no prior criminal record but the nature and circumstances of the events that you are in a position of care, custody and control over the victim, that the victim, obviously, is a young child and not only is it a young child, is a disabled child, these are the folks who deserve our best and you fell way short of that in this case.

Tr. Vol. II p. 52. In addition, the sentencing order indicates the following:

> Court finds mitigating circumstances to be [Helmbrecht's] lack of criminal record. Court finds aggravating circumstances to be the nature and circumstances of the crime, [Helmbrecht's] position of

care and control of the victim, the fact that the victim was a child and that the victim was disabled. Court finds aggravating circumstances outweigh the mitigating circumstances calling for an enhanced sentence.

Appellant's App. Vol. II p. 50.

[7] We conclude that the trial court's findings reflect a consideration of the particularized circumstances of Helmbrecht's offense and not a mere restatement of the elements. First, the trial court properly found it aggravating that B.M. was a young child, being nine at the time. While the offense was aggravated to a Level 6 felony based on Helmbrecht's status as a caregiver to a disabled victim, the offense for which Helmbrecht was convicted does not account for B.M.'s youth.[1] Second, while B.M.'s mental or physical disability is an element of the offense, B.M. is not merely disabled but *profoundly* disabled, being entirely dependent on others and suffering from cerebral palsy, a seizure disorder, a developmental delay, and a complete inability to communicate. Third, even though assumption of care is an element of the offense, the trial court went beyond that element by recognizing that Helmbrecht was entrusted with providing a high degree of care, finding that Helmbrecht was in "a position of care, custody and control over the victim[.]" Tr. 52. Helmbrecht was charged with the care of a severely disabled child who is entirely dependent

---

[1] Indeed, B.M.'s youth would have independently justified elevating the offense to a Level 6 felony charge because the battery was "committed against a person less than fourteen (14) years of age and [was] committed by a person at least eighteen (18) years of age." *See* Ind. Code § 35-42-2-1(e).

on others, which goes beyond the mere assumption of care. Helmbrecht has failed to establish that the trial court abused its discretion in sentencing her.

[8] We affirm the judgment of the trial court.

Bailey, J., and Brown, J., concur.