# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 28 2019, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Grant County Public Defender's Office
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Vo Sherman
Certified Legal Intern

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald L. Poling, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 28, 2019 <br><br> Court of Appeals Case No. 19A-CR-672 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Dana J. Kenworthy, Judge <br><br> The Honorable Brian F. McLane, Magistrate <br><br> Trial Court Cause No. 27D02-1801-F5-5 |

**Najam, Judge.**

# Statement of the Case

Ronald L. Poling, Jr. appeals his sentence following his guilty plea to domestic battery, as a Level 5 felony. He raises one issue for our review, namely, whether the trial court abused its discretion when it sentenced him.

We affirm.

# Facts and Procedural History

On the morning of January 7, 2018, Poling and his wife, M.P., began to argue. The argument "escalated," and Poling "shoved" M.P., which caused "pain" to her shoulder. Appellant's App. Vol. II at 18. The argument woke up Kara Poling, another resident of the home, and Kara went to see what was happening. Kara witnessed Poling "push" M.P. Kara then informed her husband, William Poling, that Poling "was putting hands on" M.P. again. *Id*. William confronted Poling, and Poling "attacked" William, "putting him in a headlock." *Id*. Kara then called the police, and Poling fled. Officers later located and detained Poling.

The State charged Poling with two counts of domestic battery. For Count I, the State charged Poling with domestic battery, as a Class A misdemeanor, based on the allegation that Poling had hit and/or shoved M.P. The State then elevated that charge to a Level 5 felony because Poling had previously been convicted of domestic battery against M.P. For Count II, the State charged Poling with domestic battery, as a Class A misdemeanor, based on the allegation that Poling had grabbed, hit, or shoved William.

[5]     On January 7, 2019, the parties filed a plea agreement. Pursuant to that agreement, Poling agreed to plead guilty to Count I, and the State agreed to dismiss Count II. The parties also agreed to a sentence of four years, with a maximum of two years executed. That same day, the trial court held a hearing on Poling's guilty plea. During the hearing, Poling admitted that he had knowingly touched M.P. in a rude, insolent, or angry manner by "hitting and/or shoving her." Tr. Vol. II at 8. He further admitted that he had previously been convicted of domestic battery against M.P. The trial court took Poling's guilty plea under advisement.

[6]     On February 25, the trial court held a sentencing hearing. At the conclusion of the hearing, the trial court entered judgment of conviction against Poling for Count I, and the court dismissed Count II. The court then sentenced Poling as follows: "I'm going to sentence [you] to the two years executed and two years suspended. Um, I know that you do have substantial—well you do have [a] criminal history and, uh, note that one of those was also Domestic Battery with a Spouse." *Id*. at 17.

[7]     That same day, the trial court issued a written sentencing order in which it identified aggravating factors. Specifically, the trial court found that Poling "has a history of criminal and/or delinquent activity." Appellant's App. Vol. II at 59. The court also found that Poling "showed no remorse for his actions" and that he "minimized and gave excuses for the incident." *Id*. The court found that both of those factors were "*strong* aggravators." *Id*. (emphasis in original). The court found that there were no mitigating factors. Accordingly,

the court reiterated Poling's sentence of four years, with two years executed and two years suspended to probation. *Id*. This appeal ensued.

## Discussion and Decision

[8] Poling contends that the trial court abused its discretion when it sentenced him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[9] A trial court abuses its discretion in sentencing if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[10] Here, Poling pleaded guilty to domestic battery, as a Level 5 felony. The sentencing range for a Level 5 felony is one year to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b) (2019). Following a

sentencing hearing, the trial court sentenced Poling to an enhanced sentence of four years, with two years executed and two years suspended to probation.

[11] On appeal, Poling contends that the trial court abused its discretion when it sentenced him because it used "a material element of the offense" as an aggravating factor to enhance his sentence. Appellant's Br. at 8 (emphasis removed). Specifically, Poling contends that the court relied on his previous conviction for domestic battery against M.P. when it imposed an enhanced sentence even though the State had used that conviction to enhance his charge from a Class A misdemeanor to a Level 5 felony.

[12] Poling is correct that, "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" *Gomilla v. State*, 13 N.E.3d 846, 852-23 (Ind. 2014) (quoting *Anglemeyer*, 868 N.E.2d at 491). However, while the trial court mentioned Poling's previous domestic battery conviction at the sentencing hearing, it did so to "note" that that conviction was only "one of" the convictions in his criminal history. Tr. Vol. II at 17. Further, in its written sentencing statement, the trial court specifically identified as aggravating factors Poling's lack of remorse and his entire criminal history, which includes three felony convictions, four misdemeanor convictions, and three prior probation violations. Accordingly, it is clear that the trial court did not rely solely on Poling's prior domestic battery

conviction when it imposed a sentence above the advisory. We therefore cannot say that the trial court abused its discretion when it sentenced him.

[13] Affirmed.

Bailey, J., and May, J., concur.