## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2019, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randall L. McDougall, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 11, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-3051 <br><br> Appeal from the Owen Circuit Court <br><br> The Honorable Lori Thatcher Quillen, Judge <br><br> Trial Court Cause No. <br> 60C01-1712-F2-951 |

**Najam, Judge.**

## Statement of the Case

Randall L. McDougall appeals his sentence for dealing in methamphetamine, as a Level 2 felony; dealing in methamphetamine, as a Level 3 felony; and dealing in a controlled substance, as a Level 6 felony, following a jury trial. McDougall raises a single issue for our review, namely, whether the trial court abused its discretion when it sentenced him. We affirm.

## Facts and Procedural History

On December 14, 2017, McDougall sold 7.08 grams of methamphetamine to a confidential informant ("CI") for the Owen County Sheriff's Department in exchange for $360. The next day, McDougall sold 16.5 grams of methamphetamine to the CI in exchange for $700. McDougall also gave the CI a tablet that contained oxycodone and acetaminophen. As a result, the State charged McDougall with one count of dealing in methamphetamine, as a Level 2 felony; one count of dealing in methamphetamine, as a Level 3 felony; and one count of dealing in a controlled substance, as a Level 6 felony.

The trial court held a jury trial on September 26 and 27, 2018. At the conclusion of the trial, the jury found McDougall guilty as charged, and the trial court entered judgment of conviction accordingly. Thereafter, on November 20, the trial court held a sentencing hearing. During the hearing, the trial court stated:

> Now, most of the time throughout that trial and even somewhat through your witnesses today it's always been suggested that you have some accountability, but it's really not your fault, that it's

always been somebody else that's put you in these bad predicaments that's resulted in your having over close to nineteen years of criminal activity. It looks like you've been charged over twenty different times when I look at the Pre-Sentence Investigation. I think you have at least eight . . . felony convictions of which you've been placed on probation at least eleven different times and of those eleven times you've chose[n] to violate eight times on probation. So, I think it's a little disingenuous to suggest that it's all about [the CI] and he's the whole reason you're here today. I think clearly you've had a history of dealing and crimes. In fact, you had two pending cases . . . when you allegedly—or now have been found guilty of doing this one and now you have another pending even after that. . . . When I look at your criminal history, to me it looks like you're the person that's always been involved in a lot of the criminal activity in your community. How—I think your sister made a comment when she said people that do things still do the same things that they did before. And, I think that applies to you just like it does . . . any other dealer that wants to deal in this county. I don't like dealers. I don't think they need to be here. . . . But, I think your criminal history is one that certainly suggests that you need more than a year. And, the fact is that probably it's on me and any prior judge that's dealt with you that if this is the longest time that you've ever had incarceration over twenty years with twenty violations it shows that too many pleas were taken along the way or too many sentences were way too lenient. And, I don't think that should be the case anymore with you[.]

Tr. Vol. III at 175-77. Accordingly, the trial court sentenced McDougall to thirty years, with twenty-seven years executed and three years suspended to probation for the Level 2 felony conviction, sixteen years executed for the Level 3 felony conviction, and two years executed for the Level 6 felony conviction. The court ordered those sentences to run concurrently.

[4] That same day, the trial court issued a written sentencing order in which it identified aggravating factors. Specifically, the court found that McDougall "has expressed no remorse for his actions nor has he accepted responsibility for his crimes" and that, by refusing to accept responsibility, "this type of behavior without significant punishment is likely to re-occur in the future." Appellant's App. Vol. II at 120. The court also found that McDougall "has a significant criminal history. He has been charged over 20 times with criminal charges. He has had 8 prior felony convictions and has been placed on probation for 11 different cases and of those 11 cases he has violated his probation 8 times." *Id.* The court found that there were no significant mitigators and that the aggravators "significantly outweigh" any mitigators. *Id.* Accordingly, the court reiterated McDougall's aggregate sentence of thirty years, with twenty-seven years executed and three years suspended to probation. This appeal ensued.

## Discussion and Decision

[1] McDougall contends that the trial court abused its discretion when it sentenced him. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*.

[2] A trial court abuses its discretion in sentencing if it does any of the following:

(1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id*. (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind.), *clarified on reh'g other grounds*, 875 N.E.2d 218 (Ind. 2007)).

[3]     Here, McDougall was convicted of dealing in methamphetamine, as a Level 2 felony; dealing in methamphetamine, as a Level 3 felony; and dealing in a controlled substance, as a Level 6 felony. The sentencing range for a Level 2 felony is ten years to thirty years, with an advisory sentence of seventeen and one-half years. Ind. Code § 35-50-2-4.5 (2019). The sentencing range for a Level 3 felony is three years to sixteen years, with an advisory sentence of nine years. I.C. § 35-50-2-5(b). And the sentencing range for a Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7(d). Following a hearing, the trial court sentenced McDougall to a sentence of thirty years, with three years suspended, for the Level 2 felony conviction, and to concurrent sentences of sixteen years executed for the Level 3 felony conviction and two years executed for the Level 6 felony conviction. On appeal, McDougall contends that the trial court abused its discretion when it identified as aggravating factors a material element of the offense and the fact that he had pleaded guilty in prior cases. We address each contention in turn.

## Material Element of the Offense

[4]     McDougall first asserts that the trial court abused its discretion when it sentenced him because it used "an element of all three counts against him" as an aggravating factor to enhance his sentence. Appellant's Br. at 7. Specifically, McDougall contends that, when the court stated during the sentencing hearing that it did not like dealers, the trial court relied on the fact that he had dealt drugs to enhance his sentence even though the act of dealing was a material element of the offense.

[5]     McDougall is correct that, "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" *Gomilla v. State*, 13 N.E.3d 846, 852-23 (Ind. 2014) (quoting *Anglemeyer*, 868 N.E.2d at 491).

[6]     However, while the trial court stated that it did not like dealers, it made that statement while it discussed McDougall's extensive criminal history. At no point did the court identify the fact that McDougall had been convicted of dealing in illegal substances to be an aggravating factor. Instead, the court stated that McDougall's "criminal history is one that certainly suggests" that he needs a longer sentence. Tr. Vol. III at 177. Further, in the written sentencing statement, the court specifically identified as aggravating factors McDougall's lack of remorse, his failure to accept responsibility for his actions, the fact that he is likely to reoffend without a significant sentence, and his substantial

criminal history, which includes eight felony convictions and eight probation violations. Accordingly, it is clear that the trial court did not rely on the fact that McDougall was a drug dealer when it imposed an enhanced sentence. As such, the trial court did not use an element of the offense as an aggravating factor.

### *Prior Guilty Pleas*

McDougall next contends that the trial court abused its discretion when it sentenced him because it identified as an aggravating factor the fact that he had pleaded guilty in prior cases. According to McDougall, while "the trial court d[id] not elaborate on its statement regarding 'too many pleas taken' or 'too many lenient sentences,'" "it is safe to assume that the court believed that Appellant McDougall committed the instant offense because he had been treated too leniently in past cases." Appellant's Br. at. 8. In essence, McDougall contends that the court "effectively punished" him for "having taken responsibility in past cases[.]" *Id*.

We cannot agree with McDougall's characterization of the trial court's statements at the sentencing hearing. Again, during the sentencing hearing, the court stated as follows:

> When I look at your criminal history, to me it looks like you're the person that's always been involved in a lot of the criminal activity in your community. . . . I think your criminal history is one that certainly suggests that you need more than a year. And, the fact is that probably it's on me and any prior judge that's dealt with you that if this is the longest time that you've ever had

incarceration over twenty years with twenty violations it shows that too many pleas were taken along the way or too many sentences were way too lenient. And, I don't think that should be the case anymore with you[.]

Tr. Vol. III at 177.

[9] McDougall's takeaway from the court's statement that it improperly relied on his past guilty pleas as an aggravator is incorrect. Rather, it is clear that the trial court identified his extensive criminal history as an aggravating factor and only commented on McDougall's prior guilty pleas and lenient sentences as part of its explanation as to why it decided to impose an aggravated sentence. In other words, the court mentioned his prior pleas and sentences to highlight the fact that the prior pleas and sentences were not effective and that McDougall continued to commit crimes despite his prior chances at rehabilitation. Accordingly, the trial court did not rely on an improper aggravator when it mentioned his prior guilty pleas.

## Conclusion

[10] We conclude that the trial court did not consider the fact that McDougall had sold drugs, his prior guilty pleas, or his prior sentences as independent aggravating factors but as part of his criminal history, which is a valid aggravator. Thus, the trial court did not abuse its discretion when it sentenced McDougall, and we affirm his sentence.

[11] Affirmed.

Bailey, J., and May, J., concur.