## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 18 2019, 6:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Kiesler
Kiesler Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew Michaloski
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Gill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 18, 2019

Court of Appeals Case No.
18A-CR-2335

Appeal from the Orange Circuit Court

The Honorable Steven L. Owen, Judge

Trial Court Cause No.
59C01-1709-F3-1005

**Friedlander, Senior Judge.**

[1] David Gill appeals the sentence he received for his conviction of sexual misconduct with a minor, a Level 4 felony.[1] Concluding the aggravating circumstances applied by the trial court were not improper and his sentence was not inappropriate, we affirm.

[2] Fifteen-year-old I.G. and thirty-year-old Gill were friends, and Gill often provided alcohol and drugs to I.G. One evening in October 2016, I.G. texted Gill because she was "having a bad day" and she "wanted to get drunk." Appellant's App. Vol. II, p. 31. I.G. told her mother she was going out with friends. Instead, Gill picked her up at the end of her driveway and took her back to his house where he provided her alcohol. As I.G. was drinking, Gill informed her he had put Xanax in her drink. I.G. does not remember anything but "bits and pieces" after a certain point in the evening. *Id.* at 32. She remembers throwing up several times and being put in the shower. She awoke in a bed at 4:00 a.m. and asked Gill to take her home.

[3] The next day I.G. asked Gill if he had "done anything" to her, referring to sex. *Id.* at 33. Initially, Gill was equivocal with his response, but ultimately he denied having sex with I.G. Eventually, I.G. discovered that she was pregnant. In July 2017, I.G. delivered a baby, and DNA samples were obtained from the baby and Gill. Results of DNA testing showed that the probability of Gill's paternity of I.G.'s baby is 99.9999%. *Id.* at 21.

---

[1] Ind. Code § 35-42-4-9 (2014).

[4] Based upon these events, the State charged Gill with rape and sexual misconduct with a minor. Gill pleaded guilty to the sexual misconduct charge, and the State dismissed the rape charge; the parties left sentencing to the court's discretion. The court sentenced Gill to a fully executed sentence of twelve years. Gill now appeals that sentence.

[5] Gill first contends the trial court considered improper aggravating factors in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions drawn therefrom. *Id.* One of the ways in which a trial court may abuse its discretion is if the sentencing statement identifies aggravating factors that are improper as a matter of law. *Id.*

[6] With regard to the second of two aggravating circumstances found by the court, the court stated:

> The Court looks at the facts of the case and finds that they were particularly egregious and caused more harm to the victim than was necessary to meet the elements of the crime. There was a significant age difference between the Defendant and the victim. She was a troubled youth and the Defendant used the lure of drugs and alcohol to achieve the results of his crime. Finally, as a result of his actions, the victim gave birth to a child. This certainly will have a lifelong [e]ffect upon the victim and her child. The Court gave moderate weight to this factor.

Appellant's App. Vol. II, pp. 148-49.

[7]     Gill challenges the trial court's consideration of the age difference between himself and I.G., alleging that it constitutes the use of a material element of the offense as an aggravator.[2] Although a trial court may not use a material element of the offense as an aggravating factor, it may find the nature and circumstances of the offense to be an aggravating factor. *Caraway v. State*, 959 N.E.2d 847 (Ind. Ct. App. 2011) (citing Indiana Code § 35-38-1-7.1 (a)(1) (2015), which provides that, in determining a sentence, the court may consider as an aggravating circumstance that the harm, injury, loss, or damage suffered by the victim was significant and greater than the elements necessary to prove the commission of the offense), *trans. denied*. In other words, where a trial court's reason for imposing a sentence greater than the advisory includes material elements of the offense but lacks something unique about the circumstances that would justify deviating from the advisory sentence, that reason is improper as a matter of law. *Gomillia v. State*, 13 N.E.3d 846 (Ind. 2014). Even if the trial court relied on an improper factor under the "nature and circumstances" aggravating circumstance, the sentence may be upheld so long as the remaining components of the aggravator are proper. *Id.* Additionally, Gill takes exception with the court's use of the term "lure" because, on the night of this offense, I.G. initiated the contact with him.

---

[2] Although not stated in his brief, Gill is presumably referring to the element of the offense of sexual misconduct with a minor that requires, in this instance, the defendant to be at least twenty-one and the victim to be at least fourteen but less than sixteen. *See* Ind. Code § 35-42-4-9(a)(1).

[8] In finding the nature and circumstances of the offense as an aggravator, the trial court stated that, as a result of Gill's actions, I.G. became pregnant and gave birth to a child, forever changing her life and creating "a very difficult situation." Tr. Vol. 2, p. 28. In further describing the unique circumstances of this offense, the court noted the vast discrepancy in age between Gill and I.G.— fifteen years, the fact that Gill should not have allowed I.G. to party with him, and the fact that their relationship was based on Gill providing drugs and alcohol to I.G.

[9] The nature and circumstances aggravator is primarily based upon the facts that Gill furnished alcohol and drugs to fifteen-year-old I.G., engaged in intercourse with I.G. while she was under the influence of these substances, and, as a result, I.G. became pregnant and gave birth to a child. These facts are indeed far greater and more significant than the elements necessary to prove the offense of sexual misconduct. *See* Ind. Code § 35-42-4-9 (setting forth elements of Level 4 felony sexual misconduct with a minor as a person who is at least twenty-one years of age, with a child at least fourteen years of age but less than sixteen years of age, performs or submits to sexual intercourse or other sexual conduct). Additionally, although Gill had to be at least twenty-one under the statute, his thirty years exceeded that minimum by almost a decade. As such, it was not improper for the trial court to consider the disparity between I.G.'s and Gill's ages. *See Gellenbeck v. State*, 918 N.E.2d 706 (Ind. Ct. App. 2009) (stating it was not improper for court to consider disparity in defendant's and victim's ages where defendant's age far exceeded minimum age of eighteen required by

statute). Further, regardless of who initiated the contact on this particular night, it is undisputed that Gill had established a tempting arrangement with I.G. She described Gill's residence as a "party setting" and stated that "it was like cool to have someone who like, when your friends are like, let's get drunk, you could be like, hey, well, I know this guy who is complet[ely] okay with that." Appellant's App. Vol. II, p. 40. Thus, the trial court's terminology was not improper to describe Gill's pattern of providing alcohol and drugs to I.G., as well as a location in which to consume them.

[10] Nevertheless, even assuming that the age difference and the court's use of the term "lure" are improper factors under the nature and circumstances aggravating circumstance, the remaining and principal components of the aggravator (i.e., providing mind-altering substances, having intercourse with the victim while she was under the influence of those substances, resulting pregnancy, and birth of a child) are proper. *See Gomillia*, 13 N.E.3d 846 (even if trial court relied on improper factor under "nature and circumstances" aggravating circumstance, sentence may be upheld if remaining components of aggravator are proper). We cannot say the trial court abused its discretion by considering the nature and circumstances of the offense as an aggravator.

[11] Gill also asserts that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we may

revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014). However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111 (Ind. 2015). Thus, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

[12] To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, Gill was convicted of Level 4 felony sexual misconduct with a minor, for which the advisory sentence is six years, with a minimum sentence of two years and a maximum of twelve. Ind. Code § 35-50-2-5.5 (2014). The court sentenced Gill to twelve years.

[13] Next, we look to the nature of the offense. Touting the fact that he did not employ any brutality or violence, Gill argues that there is nothing about how he committed this offense that makes it more egregious than any other commission of sexual misconduct with a minor. His contention is disingenuous and fails to cast his offense in a positive light. As we have detailed throughout our discussion, Gill did not have to use any violence to accomplish his crime because he drugged his victim and rendered her unconscious.

[14] Additionally, while Gill concedes that the fact that his crime resulted in the birth of a child is an appropriate aggravator, he states that he did not intend to impregnate I.G. He further claims that because I.G. did not testify at his sentencing hearing it is impossible to know the extent of the nature of harm he created by impregnating her and causing her to give birth to a child. While it may be true that Gill did not intend to impregnate I.G., that fact is of no moment. Thirty-year-old Gill was certainly aware that a pregnancy is one possible consequence of having intercourse. Indeed, I.G.'s pregnancy was a direct result of the course of action Gill engaged in when he furnished alcohol mixed with Xanax to I.G. and then, while she was under the influence of these substances, made the decision to and did in fact engage in sexual intercourse with her. Moreover, contrary to Gill's assertion, the fact that I.G. did not testify at his sentencing hearing is inconsequential. It is not at all difficult to conceive of the difficulties a pregnancy would cause a fifteen-year-old girl—physically, mentally, socially, and financially. I.G. was forced into adulthood

with substantial decisions and responsibilities in a situation not of her own making and which forever changed her life.

[15] We turn now to the character of the offender. Gill points to the age of his prior criminal convictions as a factor indicating assignment of less weight to his criminal history. The trial court, while acknowledging that Gill's criminal conduct is not recent, found it to be significant and determined that it is an aggravating factor. The court classified Gill's criminal history as "fairly serious" and specifically noted Gill's felony conviction of aggravated robbery, for which he spent five years in the DOC. Tr. Vol. 2, p. 27. Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440 (Ind. Ct. App. 2014), *trans. denied*. In total, Gill has two felony convictions and one misdemeanor. Moreover, apparently undeterred in his criminal behavior, Gill notes in his brief that he was charged with possession of marijuana subsequent to the current offense. *See* Appellant's Br. p. 14. He also acknowledges that he scored in the high risk category to reoffend due to his criminal history. *Id.* at 15.

[16] Gill also mentions his remorse and his difficult childhood. Evidence of a difficult childhood warrants little, if any, mitigating weight. *Bethea v. State*, 983 N.E.2d 1134 (Ind. 2013). Yet, the trial court took this factor into consideration as well as Gill's expression of remorse.

[17]    Gill has not met his burden of presenting compelling evidence portraying in a positive light the nature of the offense and his character in order to overcome the trial court's sentencing decision.

[18]    For the reasons stated, we conclude the trial court did not abuse its discretion by relying on the nature and circumstances of the offense aggravator. In addition, considering both the nature of the offense and the character of the offender and giving due consideration to the trial court's sentencing decision, we are unable to conclude that Gill's twelve-year sentence is inappropriate.

[19]    Judgment affirmed.

Bailey, J., and Robb, J., concur.