## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Jul 09 2020, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Sturgeon
Clark County Public Defender Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven A. Trusty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 9, 2020

Court of Appeals Case No.
19A-CR-2982

Appeal from the Clark Circuit
Court

The Honorable Bradley B. Jacobs,
Judge

Trial Court Cause No.
10C02-1708-F2-32

**Mathias, Judge.**

[1]     Steven Trusty ("Trusty") was convicted in Clark Circuit Court of Level 5 felony

possession of methamphetamine, Level 5 felony possession of cocaine, Level 5

felony possession of a narcotic drug, and Level 6 felony unlawful possession of a legend drug. The trial court imposed a three-year aggregate sentence, with two years executed and one year suspended. Trusty appeals his sentence and raises two issues:

I.   Whether the trial court abused its discretion when it failed to find two proposed mitigating circumstances; and

II.  Whether Trusty's three-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2]   We affirm.

## Facts and Procedural History

[3]   On August 8, 2017, law enforcement officers observed Trusty and a female passenger unconscious in a vehicle parked in a motel parking lot in Clark County, Indiana. The officers roused Trusty and his passenger by knocking on the car windows. The female passenger gave the officers a false identity. While searching the vehicle for the passenger's identification, the officers found several plastic bags containing powdery and rock-like substances that were later identified as methamphetamine and cocaine. The officers found syringes and pills later identified as Carisoprodol, Hydrocodone, and Gabapentin. They found a digital scale, straw, and spoons all containing white residue. They also discovered a loaded firearm behind the driver's seat of the vehicle. Trusty admitted that he was at the motel to sell methamphetamine.

[4]     The State charged Trusty with seven counts including Level 3 felony dealing in methamphetamine, Level 5 felony possession of methamphetamine, Level 5 felony possession of cocaine, Level 5 felony possession of a narcotic drug, Level 6 felony possession of a controlled substance, and two counts of Level 6 felony possession of a legend drug. In October 2018, Trusty filed a motion to suppress the property seized during the warrantless search of his vehicle. The trial court denied the motion.

[5]     Shortly thereafter, Trusty entered into a plea agreement with the State. He agreed to plead guilty to Level 5 felony possession of methamphetamine, Level 5 felony possession of cocaine, Level 5 felony possession of a narcotic drug, and Level 6 felony unlawful possession of a legend drug. In exchange for Trusty's guilty plea, the State dismissed the remaining charges, including the Level 3 felony dealing charge. The plea agreement did not provide any terms concerning Trusty's sentence. The trial court accepted Trusty's guilty plea on December 10, 2018.

[6]     Trusty's sentencing hearing was continued and set for March 12, 2019. Trusty failed to appear for the hearing, and a warrant was issued for his arrest. Trusty was taken into custody in August 2019.[1] After several continuances were granted, his sentencing hearing was held on November 20, 2019.

---

[1] From reviewing the record, we conclude that it is reasonably likely that Trusty was absent from Indiana due to pending criminal charges in Kentucky.

[7] At the sentencing hearing, the trial court considered Trusty's criminal history. In 2014, Trusty was convicted in Florida of three counts of Violation of the Uniform Code of Military Justice-Indecent Act with a Child and one count of Uniform Code of Military Justice-Assault on a Child. Trusty also had ten pending charges in Kentucky for various crimes including burglary, possession of heroin, and possession of a firearm. The court did not consider Trusty's military service when imposing the sentence because Trusty received a bad conduct discharge from the Navy.

[8] The trial court declined to find aggravating and mitigating circumstances and ordered Trusty to serve the advisory three-year sentence for each Level 5 felony conviction, with two years executed in the Department of Correction and one year suspended to probation. The court also ordered Trusty to serve one year suspended to probation for the Level 6 felony conviction. All sentences were to be served concurrent to each other resulting in an aggregate three-year sentence with one year suspended to probation. The court also stated that it would consider a modification to Trusty's sentence if he successfully completed "the clinically appropriate substance abuse treatment program as determined by" the Department of Correction. Appellant's App. p. 120. Trusty now appeals.[2]

---

[2] We do not agree with the State's assertion that Trusty waived the right to appeal his sentence. The waiver provision in Trusty's plea agreement vaguely stated that Trusty "waives right to appeal." Appellant's App. p. 71. During the guilty plea hearing, the trial court told Trusty he was waiving his right to appeal his conviction. Tr. p. 24. Trusty was not advised that he was waiving his right to appeal his sentence. And at his sentencing hearing, Trusty was advised that he had the right to appeal his sentence. Tr. p. 49. Under these

## *I. Mitigating Circumstances*

Trusty argues that the trial court abused its discretion by failing to consider his proffered mitigating circumstances. In its sentencing order, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). We review the sentence for an abuse of discretion. *Id.* at 490. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances[.]" *Id.* A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id.* at 490–91. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id.* at 491.

The advisory sentence is the starting point our legislature has selected as an appropriate sentence for the crime committed. *Gomillia v. State*, 13 N.E.3d 846, 852 (Ind. 2014). A trial judge may impose any sentence within the statutory

---

circumstances, Trusty did not knowingly and voluntarily waive his right to appeal his sentence. *See Johnson v. State*, 145 N.E.3d 785, 787 (Ind. 2020).

range without regard to the existence of aggravating or mitigating factors. *Id.* However, if the trial court finds the existence of aggravating or mitigating circumstances, then the court is required to give "a statement of the court's reasons for selecting the sentence that it imposes." *Id.* (quoting Ind. Code § 35-38-1-3).

[11] Here, the trial court acted within its discretion when it declined to find aggravating and mitigating circumstances and imposed the advisory sentence. Nevertheless, we will briefly address Trusty's claim that the trial court abused its discretion by failing to consider the following proffered mitigating circumstances: 1) that Trusty is likely to respond affirmatively to probation or short-term imprisonment, and 2) that Trusty suffers from post-traumatic stress disorder ("PTSD"). "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493.

[12] Under the circumstances of this case, we cannot conclude that the trial court failed to consider that Trusty is likely to respond affirmatively to short-term imprisonment or probation. The executed portion of Trusty's sentence is two years, which is one year less than the advisory sentence and a relatively short term of imprisonment. The court considered Trusty for an alternative placement, but Trusty did not qualify because he is not an Indiana resident. And the court stated that it would consider a modification to Trusty's sentence if he successfully completed "the clinically appropriate substance abuse

treatment program as determined by" the Department of Correction.
Appellant's App. p. 120.

[13] Next, Trusty argues that the trial court abused its discretion when failed to find that he suffers from PTSD as a mitigating circumstance. But Trusty did not ask the trial court to find this mitigator, and therefore, the trial court did not abuse its discretion by failing to consider it. *See Anglemyer*, 868 N.E.2d at 492; *Koch v. State*, 952 N.E.2d 359, 375 (Ind. Ct. App. 2011), *trans. denied*. Moreover, this alleged mitigating circumstance is not clearly supported by the record. Trusty has never been diagnosed with PTSD and has never received treatment for it. He merely speculated that he suffers from PTSD.

[14] For all of these reasons, we conclude that the trial court did not abuse its discretion when it sentenced Trusty.

## II. Inappropriate Sentence

[15] Trusty also argues that his aggregate three-year sentence, with two years executed in the Department of Correction and one year suspended to probation, is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique

perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[16] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[17] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[18] A person convicted of a Level 5 felony "shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years." Ind. Code § 35-50-2-6. For his three Level 5 felony convictions, Trusty was ordered to serve concurrent terms of the advisory three-year sentence. The trial court ordered him to serve two years executed and suspended one year to probation.[3] To determine whether Trusty's sentence is inappropriate, we consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

[19] Trusty argues that his sentence is inappropriate because his offenses were non-violent, he is sober and willing to treat his substance abuse issues, and he took responsibility for his offenses by pleading guilty. Trusty also claims his sentence is inappropriate because he is well-educated and served fourteen years in the Navy.

[20] Trusty had five illegal substances in his possession when he was arrested: cocaine, methamphetamine, Carisoprodol, Hydrocodone, and Gabapentin. He also had a loaded handgun in his vehicle and admitted to law enforcement

---

[3] Trusty was also ordered to serve one year suspended to supervised probation for his Level 6 felony conviction to be served concurrent to the sentences imposed for his Level 5 felony convictions. The advisory sentence for a Level 6 felony conviction is one year. See Ind. Code § 35-50-2-7.

officers that he was planning to sell the methamphetamine. Trusty has not met his burden of establishing that his three-year sentence is inappropriate in light of the nature of his offenses.

[21] Trusty has issues with substance abuse but has not taken any steps to address his addiction. His recent sobriety is likely the result of the period of incarceration he served in Kentucky before he was sentenced in this case. His service in the Navy reflects positively on his character, but only minimally. Trusty received a "bad conduct discharge" from the military after he was found guilty of four violations of the Uniform Code of Military Justice. Appellant's Conf. App. p. 85. And his decision to plead guilty was likely pragmatic after his motion to suppress the evidence found during the search of his vehicle was denied. The State also dismissed the Level 3 felony dealing charge in exchange for Trusty's guilty plea.

[22] Recognizing that Trusty's offenses were committed at least in part due to his substance abuse issues, the trial court is allowing Trusty to serve one year of his three-year sentence on probation. The court also stated that it will consider modifying Trusty's sentence if he completes an appropriate substance abuse program. Trusty's three-year aggregate sentence, with one year suspended to probation, is not inappropriate in light of his character.

[23] Trusty has not met his burden of persuading us that his sentence is an outlier that warrants revision. For all of these reasons, we conclude that Trusty's aggregate three-year sentence, with two years executed and one year suspended

to probation, is not inappropriate in light of the nature of the offenses and the character of the offender.

# Conclusion

The trial court did not abuse its discretion when it sentenced Trusty. And Trusty's aggregate three-year sentence, with two years executed and one year suspended to probation, is not inappropriate in light of the nature of the offenses and the character of the offender.

Affirmed.

Riley, J. and Tavitas, J., concur.