## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2020, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey W. Elftman
Pauper Counsel
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin C. Wade
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Phillip Epperly,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 22, 2020

Court of Appeals Case No.
19A-CR-170

Appeal from the Tipton Circuit Court

The Honorable Thomas R. Lett, Judge

Trial Court Cause No.
80C01-1505-F5-198

**Weissmann, Judge.**

[2]     Phillip Epperly argues he committed a typical reckless homicide, undeserving of the maximum sentence. But he drove under the influence, totaled his car, dragged his passenger's lifeless body away from the wreckage, and attempted to deflect blame onto her. Finding his six-year sentence is not inappropriate, we affirm.

# Facts

[3]     Phillip Epperly downed four beers and popped two painkillers. Then he took his girlfriend, Karla Wolford, for a drive. Sometime before midnight, Epperly drove through a stop sign, lost control of his vehicle, and hit a tree in his own front yard. Epperly then dragged an unresponsive Wolford into his home. When police arrived, Wolford was lying on the floor, covered in blood. She was pronounced dead at the scene. Epperly initially told police Wolford had been driving, but he later admitted responsibility for the crash.

[4]     Four years after Wolford's death, Epperly pleaded guilty to Level 5 felony reckless homicide. The trial court sentenced him to the statutory maximum, six years in the Department of Corrections. Epperly now appeals.

# Discussion and Decision

[5]     Epperly argues the trial court abused its discretion in sentencing him to the statutory maximum and that the sentence is inappropriate in light of his character and the nature of the offense under Indiana Appellate Rule 7(B). We address these arguments in turn.

# I. Abuse of Discretion

Sentencing is a discretionary function of the trial court, which we review only for an abuse of discretion. *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). A trial court abuses its discretion if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). To facilitate our review of sentencing, the trial court must detail its rationale. *Id.*

Epperly argues the trial court abused its discretion by improperly counting an element of the crime as an aggravator in imposing his sentence. *See Gomillia v. State*, 13 N.E.3d 846, 852-53 (Ind. 2014) (holding that it is improper as a matter of law to impose a sentence greater than the advisory sentence because of material elements of the offense). According to Epperly, the court based its finding that "a reduced or suspended sentence would depreciate the seriousness of the crime" on Wolford's death, which is an element of reckless homicide. Appellant's App. Vol. II p. 78.

Epperly paints the trial court's order with too broad a brush. What makes his crime exceptional is not that Wolford died but how it happened. Epperly dragged Wolford's lifeless body from the wreckage and briefly attempted to blame her for her own death. The circumstances of the crime—not the resulting death—are what render this reckless homicide particularly egregious. The trial

court did not use an element of the crime to aggravate Epperly's sentence and therefore we find no abuse of discretion.

## II.   Ind. App. R. 7(B)

[9]     Next, Epperly challenges his sentence under Indiana Appellate Rule 7(B). Even when a trial court acts within its discretion in sentencing, independent appellate review and revision is permitted. *Anglemeyer*, 868 N.E.2d at 491 (quoting *Childress*, 848 N.E.2d 1073,1080 Ind. 2006)). This Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. R. 7(B). We conduct this review with "substantial deference" to the trial court because the "principal role of [our] review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quotations and citations omitted).

[10]    Epperly argues his commission of reckless homicide was not particularly heinous and therefore undeserving of the maximum sentence. In doing so, he disregards the tragic circumstances of Wolford's death as detailed above. For the reasons articulated in Part I of this opinion,  we cannot find the trial court erred in weighing of the nature of the offense.

[11]    Epperly also argues the nature of his character supports a lighter sentence. He points out that his prior convictions were ten and twenty years ago, and neither resulted in injury to another person. But even a minor criminal history can

"speak poorly to [a defendant's] character." *Quintanilla v. State*, 146 N.E.3d 982, 989 (Ind. Ct. App. 2020). Additionally, Epperly's prior convictions were both related to substance abuse, which he failed to address. He cites his history of drug abuse as a mitigating factor without acknowledging his failure to seek help for his addiction. A trial court does not abuse its discretion in considering drug abuse, especially drug abuse that is allowed to continue unabated, to be an aggravator at sentencing. *See, e.g.*, *Mehringer v. State*, 152 N.E.3d 667, 676 (Ind. Ct. App. 2020) (observing that treatment for alcohol abuse is not necessarily evidence of good character if it was only sought after letting the problem "get out of control"). Though Epperly contends his unresolved addiction should be considered mitigating, his drug use and his failure to address his addiction contributed to his girlfriend's death. In light of these considerations, Epperly has failed to persuade us he has a redeeming character demanding of sentencing relief.

[12] As the trial court did not abuse its discretion or enter an inappropriate sentence, the trial court's judgment is affirmed.

Mathias, J., and Altice, J., concur.